Defendant's Name: ARAUJO FLORES, ERIC NOE
Case Number: 1:15CR00320-001

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division

UNITED STATES OF AMERICA

v.

ERIC NOE ARAUJO FLORES
aka Eric Orellano Arujo, Eric Orellana Arujo
Defendant.

Case Number: 1:15CR00320-001

USM Number: 86048-083

Defendant's Attorney: Joseph Conte, Esq.

## JUDGMENT IN A CRIMINAL CASE

The defendant was found guilty on Counts 1, 2, 3, 4, 5, 6, 7, 9 and 10 after a plea of not guilty.

Accordingly, the defendant is adjudicated guilty of the following counts involving the indicated offenses.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 1591(a) | Sex Trafficking of a Child | Felony | July 20, 2013 | 1 |
| 18 U.S.C. § 1591(a) | Sex Trafficking of a Child | Felony | September 27, 2013 | 2 |

As pronounced on June 3rd, 2016, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Signed this 3rd day of June, 2016.

_____
Liam O'Grady
United States District Judge

Defendant's Name: ARAUJO FLORES, ERIC NOE
Case Number: 1:15CR00320-001

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| 18 U.S.C. § 1591(a) | Sex Trafficking of a Child | Felony | March 6, 2014 | 3 |
| 18 U.S.C. § 1591(a) | Sex Trafficking of a child | Felony | November 30, 2014 | 4 |
| 18 U.S.C. § 2423(b) | Foreign Travel with Intent to Engage in Illicit Sexual Conduct | Felony | July 19, 2013 | 5 |
| 18 U.S.C. § 2423(b) | Foreign Travel with Intent to Engage in Illicit Sexual Conduct | Felony | September 25, 2013 | 6 |
| 18 U.S.C. § 2423(b) | Foreign Travel with Intent to Engage in Illicit Sexual Conduct | Felony | March 6, 2014 | 7 |
| 18 U.S.C. § 2422(b) | Coercion and Enticement | Felony | September 27, 2013 | 9 |
| 8 U.S.C. § 1328 | Harboring an Alien for an Immoral Purpose | Felony | November 2014 | 10 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THREE HUNDRED (300) MONTHS.  This term of imprisonment consists of a term of THREE HUNDRED (300) MONTHS as to Counts 1-7 and a term of TWO HUNDRED FORTY (240) MONTHS as to Count 9 and a term of ONE HUNDRED TWENTY (120) MONTHS as to Count 10, all to be served concurrently.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows: _____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant's Name: **ARAUJO FLORES, ERIC NOE**
Case Number: **1:15CR00320-001**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a term of FIVE (5) YEARS as to Counts 1-7 and a term of FIVE (5) YEARS as to Count 9 and a term of THREE (3) YEARS as to Count 10, all to run concurrently.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of Supervised Release.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of Supervised Release that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

# STANDARD CONDITIONS OF SUPERVISED RELEASE

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:
1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant's Name: **ARAUJO FLORES, ERIC NOE**
Case Number: **1:15CR00320-001**

# SPECIAL CONDITIONS OF SUPERVISION

While on Supervised Release pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1. The defendant shall make restitution payments of no less than $50 monthly, beginning 60 days after release, until paid in full.
2. The defendant shall provide the probation officer with any requested financial information
3. The defendant shall participate in mental health treatment, including sex offender treatment, as directed by the probation officer
4. The defendant shall waiver confidentiality rights so that the probation officer and treatment provider(s) can communicate freely about the course of treatment and the defendant's progress and compliance with treatment
5. The defendant shall have no contact with unrelated minors unless supervised by a competent informed adult that has been approved in advance by the probation officer
6. The defendant shall not serve as a volunteer or seek employment working with juveniles
7. The defendant shall allow the probation officer to search any of his electronic devices, and shall permit the probation officer to confiscate any device found to contain images that would constitute child pornography or any other criminal offense
8. The defendant shall register as a sex offender pursuant to the Adam Walsh Child Protection and Safety Act of 2006
9. The defendant shall cooperate with immigration authorities in any deportation proceedings initiated, and if deported, shall not return to the United States without prior permission from the Department of Homeland Security and the U.S. Attorney General
10. The defendant shall have no contact, personally or through a third party, with the victim or her family.

Defendant's Name: **ARAUJO FLORES, ERIC NOE**
Case Number: **1:15CR00320-001**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | | $40,370.00 (as to all counts) |
| 2 | $100.00 | | |
| 3 | $100.00 | | |
| 4 | $100.00 | | |
| 5 | $100.00 | | |
| 6 | $100.00 | | |
| 7 | $100.00 | | |
| 9 | $100.00 | | |
| 10 | $100.00 | | |
| TOTALS: 9 | $900.00 | $0.00 | $40,370.00 |

## FINES

No fines have been imposed in this case.

## RESTITUTION

See entered Restitution Order filed on June 3rd, 2016.

Defendant's Name: ARAUJO FLORES, ERIC NOE
Case Number: 1:15CR00320-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

The special assessment shall be due in full immediately.

Interest on the restitution is waived. On any unpaid balance, the defendant shall pay to the Clerk at least $50.00 per month beginning 60 days from the inception of supervised release. The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed. Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.